UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JOSE LUIS CASTILLO,

Plaintiff

v.

GENERAL MOTORS LLC, *et al.*,

Defendants.

Case No. 2:25-cv-10265-CV (SKx)

**ORDER GRANTING MOTION TO REMAND**

**[DOC. # 17]**

Before the Court is Plaintiff Jose Luis Castillo's ("Plaintiff") November 14, 2025 Motion to Remand Case to Los Angeles Superior Court. Doc. # 17 ("Motion"). Defendant General Motors LLC ("Defendant") filed an opposition on December 19, 2025. Doc. # 18 ("Opposition"). With its Opposition, Defendant also filed a declaration from Naoki S. Kaneko. Doc. # 18-1 ("Kaneko Decl."). Plaintiff did not file a reply to Defendant's Opposition.

On January 5, 2026, the Court took the Motion under submission, finding it appropriate for decision without oral argument. Doc. # 19; *see also* Fed. R. Civ. P. 78; C.D. Cal. L. Civ. R. 7-15. For the reasons stated below, the Court GRANTS the Motion.

///

///

## I. INTRODUCTION

Plaintiff filed the present action on September 22, 2025, in the Superior Court of California for the County of Los Angeles. Doc. # 1-1 ("Compl."). The Complaint asserts causes of action for (1) Violation of the Magnuson-Moss Warranty Act ("MMWA") (15 U.S.C. §§ 2301, *et seq.*); and (2) Violation of the California Uniform Commercial Code. Compl. ¶¶ 34–61.[1] Plaintiff seeks actual damages, restitution, civil penalties, consequential and incidental damages, attorney fees and costs, remedies authorized by California Commercial Code sections 2711, 2712, and/or 2713, prejudgment interest, and any equitable or legal relief as the Court may deem proper. *See id.* at Prayer.

## II. FACTUAL BACKGROUND

Plaintiff's claims arise from the purchase of a 2022 Chevrolet Silverado 1500, with VIN number 3GCUDJET1NG516000 (the "Vehicle"). *Id.* ¶ 6. Plaintiff alleges that at the time of sale, the Vehicle contained multiple defects, including but not limited to "manufacturer defects, defects in assembly, [and] defects in design." *Id.* ¶ 46. These defects allegedly breached Defendant's various warranty obligations. *See id.* ¶¶ 40–41, 51, 53.

## III. PROCEDURAL BACKGROUND

Plaintiffs filed the Complaint on September 22, 2025, in Los Angeles County Superior Court, and on September 24, 2025, Plaintiffs served a copy of the Complaint and Summons on Defendant. Doc. # 1-1 at 2.[2]

///

///

---

[1] The Court notes the Complaint goes from paragraph seven to thirty-four—entirely skipping numbers eight through thirty-three. Compl. ¶¶ 7–34. Perhaps this glaring omission explains why Plaintiff asserts in his Motion that his Complaint alleges breach of express and implied warranties under the Song-Beverly Act when it does not. *Compare* Mot. at 7, *with* Compl. ¶¶ 7–61, Prayer (requesting "two times actual damages pursuant to Civil Code section 1794(c)").

[2] All record citations reflect CM/ECF pagination.

On October 24, 2025, Defendants filed an answer in the Superior Court. Doc. # 1-2, and on the same day, Defendants General Motors LLC removed the action to Federal Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. # 1 ("NOR").

## IV. LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop. Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). Where Congress has passed a statute providing a right of removal, the statute, unless otherwise stated, is to be strictly construed against removal. *Id.* "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (*per curiam*) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## V. DISCUSSION

Defendant contends that removal was proper under 28 U.S.C. § 1332 because diversity of citizenship exists between the Parties and the amount in controversy exceeds $75,000. NOR at 3–6. Plaintiff argues that Defendant failed to establish that the amount in controversy exceeds $75,000. Mot. at 7. The Court agrees.

Federal courts have a duty to examine jurisdiction *sua sponte* before proceeding to the merits of a case, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), "even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501

(2006). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted); *Washington v. United Parcel Serv., Inc.*, No. CV 09-01131 DDP (AGRx), 2009 WL 1519894, *1 (C.D. Cal. June 1, 2009) ("[A] district court may remand an action . . . where the court finds that it lacks subject matter jurisdiction (either by motion or *sua sponte*).").

Here, Defendant removed this action on the basis of diversity jurisdiction. NOR at 3–6, 5 n.3 ("GM does not remove on [federal question jurisdiction]."). To show that this action exceeds the jurisdictional minimum, *see* 28 U.S.C. § 1332(a), Defendants did little more than assert that the Plaintiff's "benefit of the bargain" damages under California Commercial Code section 2713 plus an estimated $30,000 in attorney fees equals an amount in controversy that "meaningfully exceeds $75,000." NOR at 5. Later, in their Opposition, however, Defendant provides a second, more precise calculation of damages at $58,680.22. Doc. # 18 ("Opp'n") at 10. Because such damages alone are insufficient to reach the jurisdictional threshold, Defendant adds $33,000 in attorney fees, which causes the amount in controversy to exceed $75,000. NOR at 5–6.

Defendant argues that Plaintiff will demand approximately $33,000 in attorney fees "even if this case resolves before trial." Opp'n at 11. In the Ninth Circuit, a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

Here, Defendant fails to prove by a preponderance of the evidence that reasonable attorney fees in this case could plausibly reach $33,000. To support its attorney fee

assumptions, Defendant argues this case is unlikely to settle and that Plaintiff's counsel will request $33,000 even if the case settles before trial—"setting aside whether the demand itself will be reasonable." Opp'n at 11. Defendant cannot rest on speculative allegations of admittedly unreasonable fees to meet the amount in controversy. *See id*; *see also* Kaneko Decl. ¶¶ 6, 7, 8. Rather, the estimated attorney fees must be reasonable and based on evidence for the Court to consider them in calculating the amount in controversy. *Berger v. Mercedes-Benz USA, LLC*, No. CV 21-3759-JFW (MARx), 2021 WL 3013915, at *3 (C.D. Cal. July 15, 2021).

The Court must determine the amount in controversy based on the facts that are before it, not on unsupported, uncertain, or speculative allegations. In this case, Defendant's estimated actual damages alone are insufficient to meet the amount in controversy. Taking the estimated damages at face value, the question of whether removal was proper rests on the calculated attorney fees. Here, the Court declines to include attorney fees in the amount in controversy because Defendants have not established by a preponderance of the evidence that reasonable attorney fees here will push the amount in controversy across the $75,000 jurisdictional threshold.

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, *see Gaus*, 980 F.2d at 566, the Court is not persuaded that Defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.

## VI. CONCLUSION

For the foregoing reasons, the court GRANTS the Plaintiffs' Motion to Remand and ORDERS as follows:

1. The above-referenced action shall be remanded to the Superior Court of the State of California, County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

///

///

2. The Court remands the case to the Los Angeles County Superior Court, Case No. 25STCV27700. The Clerk shall send a certified copy of this Order to the Superior Court.

3. The Court directs the Clerk to effect the remand immediately and close this federal case.

**IT IS SO ORDERED**.

Dated: 8/19/26

Cynthia Valenzuela
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE